[Cite as *State v. Albritton*, 2013-Ohio-116.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

    Plaintiff-Appellee

v.

TIMOTHY M. ALBRITTON, JR.

    Defendant-Appellant

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 25064

Trial Court Case No. 2011-CR-2955

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of January, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. #0069300, 70 Birch Alley, Suite 240, Dayton, Ohio 45440
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Timothy M. Albritton, Jr., appeals from his conviction

and sentence for Gross Sexual Imposition of a child less than thirteen years of age, following a negotiated plea deal. Albritton contends that he received ineffective assistance of trial counsel and that the trial court made misstatements of law, which "improperly induced" his guilty plea. We conclude that Albritton has failed to demonstrate reversible error. Accordingly, the judgment of the trial court is Affirmed.

## I.   Course of the Proceedings

{¶ 2}    Timothy M. Albritton, Jr. was indicted on one count of Gross Sexual Imposition of a child less than thirteen years of age, in violation of R.C. 2907.05(A)(4), a felony of the third degree, and one count of Rape of a child under ten years of age, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Albritton filed a motion to suppress evidence obtained as a result of an unlawful seizure. The trial court overruled this motion. On January 17, 2012, the trial court determined that the child victim was "not competent for purposes of presenting testimony before the Trial." Dkt. 24. The State filed a motion to declare the complaining witness unavailable, and requested a hearing to determine the admissibility of the complaining witness's statements under Evid.R. 807.

{¶ 3}    While the State's motion was pending, Albritton pled guilty to Gross Sexual Imposition of a child less than thirteen years of age, in violation of R.C. 2907.05(A)(4). In exchange for his guilty plea, the State dismissed the Rape count of the indictment. The trial court sentenced Albritton to five years in prison and five years of post-release control. The trial court also found Albritton to be a Tier 2 sex offender as defined in R.C. 2950.01. From his conviction and sentence, Albritton appeals.

**II. Albritton's Guilty Plea Was Knowing and Voluntary and He Failed**

**to Demonstrate Ineffective Assistance of Trial Counsel**

{¶ 4}    Albritton identifies the following assignment of error:

INEFFECTIVE ASSISTANCE OF COUNSEL AND MISSTATEMENTS OF

LAW BY THE TRIAL COURT.

{¶ 5}    Albritton contends that, during the sentencing hearing, his trial counsel and the trial court made "diametrically opposed statements" about whether the complaining witness was competent to testify at trial.   According to Albritton:

The appellant being given the wrong standard and procedure with

respect to determining competency by his counsel and also enunciated by the

trial court before sentencing without objection by counsel was sufficient to

improperly induced [sic] the defendant's plea.   The appellant's plea could not

have been made knowingly.   Brief, p. 6.

{¶ 6}    Albritton cites pages 71-73 of the transcript from the sentencing hearing in support of his assignment of error.   Pages 71-73 of the transcript provide, in part:

THE COURT: Mr. Pentecost, anything you wanted to add before

sentencing?   We've had very lengthy discussions about this case.   Was there

anything you wanted to add?

MR. PENTECOST: Thank you, Your Honor.   Yeah, it's

for the record, you know, Mr. Albritton appears

before you with a lack of criminal history.

This is his first involvement with the Criminal Justice System. These are certainly unfortunate circumstances. He did take responsibility for the acts that he indicated he committed. I understand the State has submitted a sentencing memorandum with some additional factual allegations. However, I remind the Court that as far as the factual allegations there was significant – not much reliability of the complaining witness. The Court made that determination as well as the grand jury judge at the time found that victim to be incompetent to testify. * * *

* * *

THE COURT: Thank you. Mr. Albritton, first of all, I do want to address something Mr. Pentecost said and that is that I determined that the child was incompetent as a result of her ago [sic] and competent to testify, but I did not in any manner determine that the child or her statements were unreliable as that it wasn't something appropriate for me to talk with the child about. So I didn't pass any judgment on whether that child was reliable or not. That would have been the jury's function.

{¶ 7} Albritton contends that his guilty plea was not made knowingly because the statements made by his trial counsel and the trial court at the sentencing hearing "improperly

induced" him to plead guilty. We do not agree. Albritton pled guilty at his January 30, 2012 plea hearing. At that time, he acknowledged on the record that his plea was being entered voluntarily, intelligently, and knowingly. Tr. 56-66. Also, he signed a valid plea form at that time that made it clear that his plea was knowing and voluntary. Dkt. 35. Furthermore, statements made by Albritton's trial counsel or the trial court at the February 14, 2012 sentencing hearing could not have induced a plea that was entered two weeks earlier, on January 30, 2012. Therefore, the evidence of record establishes that Albritton's guilty plea was knowing, intelligent, and voluntary.

{¶ 8} Albritton next contends that his trial counsel was ineffective by failing to advise Albritton of the correct legal standards regarding reliability and competency of witnesses. A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 9} Albritton has failed to demonstrate how his trial counsel's representation fell below an objective standard of reasonableness or how he was prejudiced by his trial counsel's performance. At the sentencing hearing, trial counsel attempted to convince the trial court to

give Albritton a lesser sentence because the complaining witness was incompetent to testify at trial and was unreliable. The trial court correctly pointed out that being found incompetent to testify is different from the child's out-of-court statements being found to be unreliable. There is no evidence in the record that trial counsel provided incorrect legal advice to Albritton or that Albritton relied on such advice when he decided to enter a guilty plea. Furthermore, we do not find that trial counsel's attempts to convince the trial court to impose a lesser sentence on Albritton constitutes ineffective assistance of counsel.

{¶ 10} Albritton's sole assignment of error is overruled.

### III. Conclusion

{¶ 11} Albritton's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Mathias H. Heck
Andrew T. French
William T. Daly
Hon. Mary K. Huffman